**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 1:12-cr-872 |
| CHERRON MARIE PHILLIPS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Defendant Cherron Marie Phillips, also known as River Tali Bey, is charged with 12 counts of retaliating against a federal judge or federal law enforcement officer by false claim, in violation of 18 U.S.C. §§ 1521 and 2 (Doc. 1). More specifically, it is alleged that Phillips filed and/or aided and abetted the filing of false liens and encumbrances against the real and personal property of numerous federal judges, prosecutors and law enforcement agents (or attempted to do so).

Pursuant to the May 20, 2014, order of the Chief Judge of the Seventh Circuit, and in keeping with the May 19, 2014, order of the Executive Committee of the United States District Court for the Northern District of Illinois, the undersigned district judge in the Southern District of Illinois was designated to preside over this criminal case (*see* Docs. 117, 120). A final pretrial conference was conducted on May 21, 2014, in advance of the June 16, 2014, trial setting.

On May 27, 2014, the undersigned judge received a summons and complaint via certified mail, indicating that Phillips, by way of her "authorized agent" River Tali Bey, was suing the

undersigned judge in the United States District Court for the District of Columbia. However, as of May 27, 2014, no complaint had been received and filed in the District Court for the District of Columbia. Without commenting on the procedural posture or merits of the suit, Phillips' action raises the issue of whether this judge must recuse himself under the dictates of 28 U.S.C. § 455 (*see also* Code of Conduct for United States Judges, Canon 2 (regarding the appearance of impropriety) and Canon 3(C) (regarding disqualification))._

A judge is required to disqualify himself in any proceeding in which his impartiality might reasonably be questioned, and where he has a personal bias or prejudice concerning a party. *See* 28 U.S.C. § 455 (a) and (b)(1); *see also* Canon 3(C). The Supreme Court and the Court of Appeals for the Seventh Circuit have made clear that the goal is to avoid even the appearance of partiality, when a *reasonable* person would perceive a *significant* risk that the judge will decide the case on a basis other than the merits. *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988); *In re United States*, 572 F.3d 301, 308 (7th Cir. 2009). With that said, the Seventh Circuit has recognized that a judge should exercise great care in determining whether to recuse from a case, because recusal can lead to judge-shopping. *In re United States*, 572 F.3d at 308.

The filing of a complaint against the trial judge does not automatically obligate recusal, otherwise litigants could easily manipulate the system. *See In re Mann*, 229 F.3d 657, 658-59 (7th Cir. 2000) (a disgruntled litigant alleged judicial misconduct based on judge's speculation that a motion would probably be denied, but did not show partiality or the appearance of partiality); *United States v. Beale*, 574 F.3d 512, 519-20 (8th Cir. 2009) (during criminal trial, defendant sued trial judge in "Common Law Court"; judge not required to recuse when a party

uses such a plot or threat as a judge-shopping device; defendant clearly intended judge to learn of the suit).

Phillip's action is brought against the undersigned judge, as well as others involved in this criminal case, including the prosecutor, various law enforcement agents, and judges previously assigned to the case. It is alleged that all defendants, individually or in conspiracy, intend to cause harm to Phillips for their own private gain by acting in contradiction of the law and without evidence, thereby denying Phillips of her liberty. Among other things, monetary damages are sought.

Bias warranting the recusal of a judge must stem from an extrajudicial source—something other than an adverse ruling, such as favoritism or antagonism. *See Litkey v. United States*, 510 U.S. 540, 554-55 (1994) (discussing the extrajudicial source doctrine and noting that judicial rulings alone almost never constitute a basis for recusal under Section 455); *see also Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996). "A thoughtful observer understands that putting disqualification in the hands of a party, whose real fear may be that the judge will apply rather than disregard the law, could introduce a bias into adjudication." *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990).

The complaint presents many of the same arguments for dismissal of the criminal indictment that have already been rejected in this case. Clearly, Phillips takes issue with the indictment and the Court's refusal to dismiss the case. Given that the complaint was signed on May 21, 2014—one day after the case was reassigned—the undersigned judge had done little or nothing in the case. Phillips cites no extrajudicial basis for perceiving bias on the part of this judge. She has interjected the specter of bias in what this Court perceives is a blatant attempt to judge-shop. Based on the allegations in the complaint, it appears that Phillips perceive that *all*

federal judges are biased against her or without authority over her. Under these circumstances, it is unreasonable to perceive bias on the part of this judge or the appearance of partiality or impropriety.

**IT IS HEREBY ORDERED** that, for the reasons stated, the undersigned district judge will not recuse himself from this criminal case.

All deadlines previously set remain in force and trial remains set for June 16, 2014.

**IT IS SO ORDERED.**

**DATED: May 28, 2014**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**